DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Sophia Hutchins, appeals the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellee, FedEx Ground Package Systems, Inc. ("FedEx"), and dismissed appellant's workers' compensation appeal. This Court affirms.
 I. {¶ 2} Appellant claims to have suffered work-related injuries on two separate dates, August 18, 2000, and August 28, 2000.
August 18, 2000 injury.
 {¶ 3} Appellant injured her back on August 18, 2000, while working for appellee. She filed a First Report of Injury ("FROI") with the Bureau of Workers' Compensation ("BWC") the same day. This claim, designated as claim No. 005-25426, was allowed for lumbar strain. On February 22, 2001, appellant filed a motion for an additional allowance for cervical strain/sprain. After hearing, the Industrial Commission District Hearing Officer ("DHO") ordered that appellant's additional claim be disallowed. Appellant appealed the DHO's order in claim No. 00-525426, and the Industrial Commission Staff Hearing Officer ("SHO") affirmed the denial of appellant's cervical strain/sprain. Appellant again appealed to the Industrial Commission ("IC") in claim No. 00-525426, and the IC refused the appeal. On September 28, 2001, appellant appealed the IC's order to the Summit County Court of Common Pleas in case No. CV 2001-09-4695. Appellant voluntarily dismissed her complaint and timely refiled in case No. CV 2003-08-4516. The issue on appeal was appellant's right to participate in claim No. 00-525426 for cervical strain/sprain.
 {¶ 4} On July 9, 2001, appellant filed a motion with BWC in claim No. 00-525426 to further allow the claim for herniated disc at L5-S1 and an aggravation of pre-existing degenerative disc disease at L5-S1. The DHO granted appellant's motion and allowed those additional claims. Appellee appealed, and the SHO affirmed the DHO's order granting the additional allowance of claim No. 00-525426 for herniated disc and aggravation of degenerative disc disease. Appellee again appealed in claim No. 00-525426, and the IC refused the appeal. On January 22, 2002, appellee appealed the IC's order to the Summit County Court of Common Pleas in case No. CV 2002-01-0422. The complaint was voluntarily dismissed and timely refiled in case No. CV 2003-10-6259. The issue on appeal was appellant's right to participate in claim No. 00-525426 for herniated disc L5-S1 and aggravation of pre-existing degenerative disc disease at L5-S1.
 {¶ 5} Case Nos. CV 2003-08-4516 and CV 2003-10-6259 were consolidated for trial, and on November 24, 2004, the jury returned verdicts in favor of appellee, denying appellant's right to participate in the workers' compensation fund in claim No. 00-525426 for cervical sprain/strain, herniated disc at L5-S1, and aggravation of pre-existing degenerative disc disease at L5-S1. Appellant filed several post-trial motions, all of which were denied by the trial court. Appellant then appealed the jury verdicts to this Court. That appeal is currently pending before this Court as case No. 22551.
August 28, 2000 injury.
 {¶ 6} Appellant filed a second FROI on October 2, 2000, claiming that she sustained a cervical sprain/strain and lumbar sprain/strain on August 28, 2000. That claim was designated as claim No. 00-812669. Appellee contested the claim and the matter proceeded before the IC DHO on May 30, 2001. At hearing, appellant's counsel requested that the claim be withdrawn. Upon counsel's request, the DHO dismissed appellant's second FROI.
 {¶ 7} On June 8, 2001, appellant filed a notice of appeal with the IC, asserting that she misunderstood what was going to be withdrawn at the May 30, 2001 hearing before the DHO. The IC SHO heard the appeal on July 3, 2001, and affirmed the order of the DHO, finding that appellant's counsel withdrew the appeal to the DHO's May 30, 2001 order. Dismissal of appellant's second FROI in claim No. 00-812669 was affirmed. There is no record that appellant further appealed the SHO's order out of the July 3, 2001 hearing to the IC. Accordingly, appellant failed to exhaust her administrative remedies regarding the dismissal of claim No. 00-812669.
 {¶ 8} On July 9, 2004, appellant filed a motion with the BWC, requesting the reopening of claim No. 00-812669. Appellee contested the motion, and the matter was heard before the IC SHO on August 20, 2004. The SHO denied appellant's motion to reopen claim No. 00-812669, finding that appellant had failed to establish a basis for the IC to invoke its continuing jurisdiction, that appellant's FROI had been dismissed, that appellant failed to appeal the SHO order from the July 3, 2001 hearing, and that appellant had not established a mistake of fact, mistake of law, or fraud in regard to the claim. Appellant appealed the SHO's order to the IC, which denied appellant's request for reconsideration. Accordingly, appellant exhausted her administrative remedies pursuant to R.C. 4123.512(A) regarding the issue of reopening claim No. 008-12669.
 {¶ 9} On December 27, 2004, appellant timely appealed to the Summit County Court of Common Pleas in case No. CV 2004-12-7572 from the IC's order denying her motion to reconsider the SHO's order denying the reopening of claim No. 00-812669. Appellee moved for summary judgment, and appellant opposed the motion. The trial court granted appellee's motion for summary judgment, and dismissed appellant's appeal. Appellant timely appealed to this Court.
 II. {¶ 10} Although appellant enumerates seven assignments of error, she effectively challenges the propriety of the trial court's granting of appellee's motion for summary judgment on two grounds.[1]
 {¶ 11} First, appellant argues that the trial court's ruling on appellee's motion for summary judgment was premature, because the parties were engaged in on-going discovery disputes. This Court disagrees.
 {¶ 12} On March 21, 2005, appellant filed a request for production of documents and a notice of service of interrogatories on appellee and others, who were not parties to the underlying case. On May 3, 2005, appellee filed its notice of service of its responses to appellant's discovery requests. In addition, appellee filed a motion for protective order for the reason that appellant had served interrogatories in excess of the number permitted by the Civil Rules and the Summit County Local Rules. On May 6, 2005, appellant filed a response to appellee's motion for protective order, as well as a motion for an order compelling discovery. On May 16, 2005, the trial court issued an order directing appellee to answer the first 40 interrogatories within 28 days. Although the trial court's order purported to address appellee's motion for protective order, it effectively resolved the issues raised by appellant in her motion for an order compelling discovery. This Court finds that there were no further pending discovery disputes at the time that appellant filed her response in opposition to appellee's motion for summary judgment. Accordingly, appellant was accorded the opportunity for appropriate discovery to support her opposition to appellee's motion for summary judgment, and the trial court did not err by ruling on the motion after that time.
 {¶ 13} Second, appellant argues that the trial court's granting of summary judgment in favor of appellee was against the manifest weight of the evidence.
 {¶ 14} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 15} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 16} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 17} The sole issue before the trial court on appeal was the IC's refusal to exercise continuing jurisdiction and reopen claim No. 00-812669. The trial court found that summary judgment in favor of appellee was appropriate, because appellant's claim was barred by the statute of limitations. This Court agrees.
 {¶ 18} R.C. 4123.84 provides that a claim for workers' compensation or benefits arising out of an injury must be made within two years after the injury or shall be forever barred.
 {¶ 19} In this case, appellant timely filed her FROI regarding the injuries she allegedly sustained on August 28, 2000. That matter was assigned claim No. 00-812669. Appellant dismissed that claim before the IC DHO on May 30, 2001. Appellant appealed the dismissal of claim No. 00-812669, and the IC SHO affirmed the DHO's order dismissing the claim. Appellant failed to perfect an appeal to the IC or the common pleas court.
 {¶ 20} Appellant's July 9, 2004 motion to the BWC, requesting the reopening of claim No. 00-812669 effectively served as an attempt to refile her claim to participate for the injuries she allegedly sustained on August 28, 2000. Because she attempted to refile that claim almost four years after the date of her alleged injuries, the claim is barred by the statute of limitations. Accordingly, the trial court properly granted appellee's motion for summary judgment and dismissed appellant's appeal. Appellant's assignments of error are overruled.
 III. {¶ 21} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, which granted appellee's motion for summary judgment and dismissed appellant's worker's compensation appeal, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Moore, J. Baird, J. Concur
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Appellant additionally argues that the trial court erred by failing to rule or respond to her motion for "NIL DICT DEFAULT JUDGMENT," filed on May 3, 2005. The record indicates that appellant did not file any such motion. Further, this Court presumes that appellant was referring to a motion for nil-dicit default judgment. No such motion was filed, nor would it have been appropriate for appellant to do so. The record is clear that appellee timely filed its answer to appellant's appeal/complaint.